James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI
OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Jason A. Zweig
HAGENS BERMAN
SOBOL SHAPIRO LLP
One Penn Plaza, 36th Floor
New York, New York 10119
(212) 752-5455

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROKERS' SERVICES MARKETING GROUP, LLC and TORSHA HICKS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP, a Delaware general partnership doing business as Verizon Wireless,<br><br>                    Defendants. | Civil Action No. 10-3973(JAP)(TJB)<br><br><br><br>**FIRST AMENDED COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Brokers' Service Marketing Group, LLC, 500 South Main Street, Providence, Rhode Island, 02903, and Torsha Hicks (hereinafter "Plaintiff") by their attorneys, on behalf of themselves and all others similarly situated, as and for their complaint against defendant CELLCO PARTNERSHIP, a Delaware general partnership doing business as Verizon Wireless (hereafter

"Verizon"), with its principal place of business at One Verizon Way, Basking Ridge, New Jersey, 07920, alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer class action for, *inter alia,* violations of federal law, New Jersey state law and common law, arising out of the unfair, deceptive and misleading billing practices engaged in by Verizon -- specifically, improperly billing text message charges to customers with USB modems, data cards and/or MiFi devices, as more fully explained below.

2. Verizon markets its Mobile Broadband services as a way to "make it fast and easy to access the Internet on [its] high-speed wireless broadband network." In order to utilize Verizon's Mobile Broadband services, a consumer must purchase and use a device that establishes a connection between the consumer's computer (usually a laptop or netbook) and Verizon's wireless network.

3. These devices have no screen or keys, and therefore no ability to view text messages, and no ability to formulate and/or send text messages. Nevertheless, Verizon improperly charges its Mobile Broadband customers for text messages.

4. Plaintiffs bring this action in their own right and on behalf of a nationwide class of all others similarly situated.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to: (a) 28 U.S.C. § 1331 because this matter involves a violation of 47 U.S.C. § 201; (b) 47 U.S.C. § 207 because this is a suit for the recovery of damages under the Federal Communications Act; and (c) 28 U.S.C. § 1332(d) because this is a class action in which the citizenship of one or more members of the nationwide class is different from that of Verizon and the aggregate amount in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs.  In addition, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims asserted herein.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## PARTIES

**Plaintiffs**

7. Plaintiff Brokers' Service Marketing Group, LLC is a Rhode Island limited liability company and has its principal place of business in Providence, Rhode Island.  The members of Plaintiff are citizens of Massachusetts and Rhode Island.  Plaintiff was a Verizon Mobile Broadband customer, used a Verizon Mobile Broadband Device (defined below) and paid Verizon a monthly fee which allowed Plaintiff to use a predetermined amount of data in connection with its Mobile Broadband Device.  During the period August 4, 2004 to the present ("Class Period"), defendant Verizon improperly assessed Plaintiff various text messaging fees.  As a result of the violations of law alleged herein, Plaintiff has been damaged.

8. Plaintiff Torsha Hicks is a resident of Connecticut.  During the period August 4, 2004 to the present ("Class Period"), defendant Verizon improperly assessed plaintiff various text messaging fees.  As a result of the violations of law alleged herein, Plaintiff has been damaged.

**Defendant**

9. Defendant Verizon is, and at all times relevant hereto was, a Delaware general partnership with its principal place of business located in Basking Ridge, New Jersey.  During the Class Period, defendant Verizon provided Mobile Broadband services, and in connection with such services, improperly charged its customers, including Plaintiffs and members of the Class, various fees for text messages.

10. Whenever in this complaint reference is made to any act, deed or conduct of defendant, the allegation means that defendant engaged in the act, deed or conduct by or through one or more of its officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of defendant.

## FACTUAL BACKGROUND

11. Verizon sells several devices that allow a user to connect a computer to the Internet, to, for example, access email and to browse the Internet, among other things. Such devices include MiFi devices, USB modems, and PC cards (collectively referred to as "Mobile Broadband Devices"). A brief description of each of these categories of devices is set out below.

12. Each Mobile Broadband Device connects to the same wireless network that is used for Verizon Wireless mobile telephones. Like a mobile telephone, each Mobile Broadband Device is assigned a unique 10 digit telephone number. That telephone number is often "recycled" from a previous subscriber. Users of Verizon's Mobile Broadband Devices have little or no reason to share the unique 10 digit telephone number assigned to their device with anyone, because the Mobile Broadband Devices cannot originate or receive telephone calls and have no screen upon which to view text messages or keys to formulate a text message. In order to use any Mobile Broadband Devices, the user is also required to subscribe to one of Verizon's data plans which, for a monthly fee, allow the user a certain amount of data ranging from 100 megabytes to 5 gigabytes per month. Text messages are not included in any data plan and, instead, users are charged $0.20 for any text message.

A. **MiFi Devices**

13. Verizon's MiFi device allows the user to create what Verizon calls an "Intelligent Mobile Hotspot." According to Verizon's website, the MiFi device is "about the size of eight

stacked credit cards and weighs just over two ounces." While the MiFi device is assigned a Verizon Wireless cellular telephone number, it cannot receive or make telephone calls.  Furthermore, the MiFi device does not have a screen or any other means by which the customer can view any information.  The following is a picture of a Verizon Wireless MiFi device:



14. The MiFi device detects the Verizon Wireless network and then converts the wireless signal it receives into a Wi-Fi signal.  Up to five Wi-Fi enabled devices at a time may connect through the MiFi device to wirelessly access Verizon Wireless' mobile broadband Internet connection from anywhere in the coverage area. The MiFi device can also be connected to a laptop computer via a USB cable for use as a modem.

**B.    PC Cards and USB Modems**

15. Verizon also offers PC cards and USB modems which plug directly into a laptop computer (either into a USB port or a slot on the side of the computer).  These devices connect the user's laptop computer to Verizon's wireless network, allowing the user to access the Internet.  Like

the MiFi device, the PC cards and USB modems do not have any keys or screen, and provide no way to view text messages or any other information. The following are illustrations of these devices:



USB Modem



PC Cards

16. Plaintiffs have contracted with Verizon for Mobile Broadband service through one or more Mobile Broadband Devices during the relevant time period. Plaintiffs receive a monthly bill from Verizon detailing their MiFi access charges.

17. Plaintiffs' Mobile Broadband Devices were assigned unique 10 digit telephone numbers at the time they entered into their contracts with Verizon.

18. Plaintiffs did not send text messages through their Mobile Broadband Devices, did not invite anyone to send text messages to them at the number assigned to their Mobile Broadband Devices, and were unaware such devices could send or receive text messages.

19. On more than once occasion during the relevant time period, Verizon has improperly billed Plaintiffs for text messages related to Plaintiffs' Mobile Broadband Devices. Specifically, Plaintiffs have been charged for text messages at a rate of $0.20 per text message even though their Verizon Mobile Broadband Devices are effectively incapable of sending, receiving or displaying text messages or any other information.

20. As a result of Verizon's improper billing practices, Plaintiffs have been improperly billed for and have paid unwarranted text message charges and have been damaged thereby.

## CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons that contracted with Verizon to use a Mobile Broadband Device, from July 29, 2004 to the present, and that were charged for and paid for text messages in connection with the use of their Verizon Mobile Broadband Device. The Class does not include Verizon, any of its subsidiaries or affiliates, and any employees of Verizon.

22.     This action is brought and may properly be maintained as a class action pursuant to Fed.R.Civ.P. 23(a)(1)-(4) and/or 23(b)(1), (b)(2) or (b)(3), and satisfies the requirements thereof. As used herein, the term "Class members" shall mean and refer to the members of the Class.

23.     While the exact number of members of the Class is unknown to Plaintiffs at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the billing records maintained by Verizon. At this time, Plaintiffs are informed and believe that the Class likely includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Fed.R.Civ.P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

24.     Common questions of law and fact exist as to the members of the Class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions that affect only individual members of the Class within the meaning of Fed. R. Civ. P. 23(b)(3).

25.     The questions of fact that are common to the members of the Class include, but are not limited to, the following:

        A.     whether Verizon has engaged in illegal and unfair billing practices;

   B. whether Verizon's illegal and unfair billing practices have resulted in Class members being improperly billed for text messages; and

   C. whether Class members have sustained damages as a result of Verizon's illegal and unfair billing practices and, if so, the proper measure and appropriate formula to be applied in determining such damages.

  26. The questions of law that are common to the members of the Class include, but are not limited to, the following:

   A. whether Verizon's billing practices violate § 201(b) of the Federal Communications Act;

   B. whether the Class members are entitled to the declaratory relief sought herein;

   C. whether Verizon's billing practices constitute a breach of the Class members' contractual agreements with defendant;

   D. whether Verizon's billing practices violate the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*; and

   E. whether Verizon has been unjustly enriched as a result of its improper billing of customers for text messages.

  27. Plaintiffs' claims are typical of the claims of the other members of the Class under Fed.R.Civ.P. 23(a)(3) because Plaintiffs and each member of the Class have been subjected to the same billing practices and have been damaged in the same manner thereby.

  28. Plaintiffs will fairly and adequately represent and protect the interests of the Class as required by Fed.R.Civ.P. 23(a)(4). Plaintiffs are an adequate representative of the Class, in that they have no interests that are adverse to the interests of the members of the Class. Plaintiffs are

committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and experienced in handling class action litigation on behalf of consumers.

29. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Fed.R.Civ.P. 23(b)(3) because:

    A. the expense and burden of individual litigation make it economically unfeasible for Class members to seek redress other than through the procedure of a class action;

    B. if separate actions were brought by individual Class members, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

    C. absent a class action, Verizon likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

30. In the alternative, this action is certifiable under Fed.R.Civ.P. 23(b)(1) and/or 23(b)(2) because:

    A. the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Verizon;

    B. the prosecution of separate actions by individual Class members would create a risk of adjudications as to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the

        adjudications, or substantially impair or impede their ability to protect their interests; and

    C.    Verizon has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to the Class members on a mandatory, class-wide basis.

31.    Plaintiffs are aware of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action.

32.    The names and addresses of the members of the Class are available from Verizon's records.

## COUNT ONE
### (Violation of the Federal Communications Act, 47 U.S.C. § 201)

33.    Plaintiffs repeat the allegations contained in Paragraphs 1-32 as if fully set forth herein.

34.    Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

35.    Verizon is a common carrier engaged in interstate wireless communication for the purpose of furnishing communication services within the meaning of § 201(a) of the Federal Communications Act ("FCA").

36.    Verizon's billing practices constitute unjust and unreasonable charges and/or practices in connection with communication services and therefore violate § 201(b) of the FCA.

37. As a direct and proximate result of Verizon's violation of § 201(b) of the FCA, Plaintiffs and each member of the Class have been damaged in an amount to be determined at trial.

## COUNT TWO
### (Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.)

38. Plaintiffs repeat the allegations contained in Paragraphs 1-37 as if fully set forth herein.

39. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

40. An actual controversy has arisen and now exists between Plaintiffs and the members of the Class, on the one hand, and Verizon, on the other hand, concerning their respective rights and duties in that Plaintiffs and the members of the Class contend that Verizon is engaging in and continues to engage in improper and unlawful billing practices, while Verizon contends that its actions and conduct are lawful and proper.

41. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiffs, the members of the Class and Verizon may ascertain their respective rights and duties with respect to Verizon's billing practices.

## COUNT THREE
### (Breach of Contract)

42. Plaintiffs repeat the allegations contained in Paragraphs 1-41 as if fully set forth herein.

43. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

11

44. Plaintiffs and Verizon entered into a written contract under which Verizon agreed to provide Plaintiffs with Mobile Broadband services via Verizon's Mobile Broadband Devices according to a written service plan ("Plan").

45. Plaintiffs and each member of the Class are parties to a Plan with Verizon for Mobile Broadband Devices that is uniform with respect to the provisions applicable to the claims asserted herein against Verizon.

46. Plaintiffs and each member of the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the terms and conditions of the Plan, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Verizon.

47. Verizon breached its contractual obligations under the Plan with Plaintiffs and each member of the Class by engaging in the improper billing practices alleged herein.

48. As a direct and proximate result of Verizon's breach of the Plan, Plaintiffs and each member of the Class have been damaged in an amount to be determined at trial.

## COUNT FOUR
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq.)**

49. Plaintiffs repeat the allegations contained in Paragraphs 1-48 as if fully set forth herein.

50. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq. ("the Act").

51. At all relevant times material hereto, Verizon conducted trade and commerce within the meaning of the Act.

52. Plaintiffs, Class members and Verizon are "persons" within the meaning of the Act.

53. Plaintiffs and all other members of the Class were improperly charged and paid for text messages allegedly sent and/or received through Verizon's Mobile Broadband Devices, and thereby suffered ascertainable losses of money as a result of the use and employment by Verizon, within the State of New Jersey, of methods, acts and practices prohibited by the Act.

54. The conduct of Verizon in improperly billing for text message charges constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation and/or the knowing concealment, suppression and omission of a material fact with intent that others rely thereupon, prohibited by and in contravention of N.J.S.A. § 56:8-2.

55. Verizon's unconscionable and prohibited practices have caused Plaintiffs and the other members of the Class to suffer damages, thereby entitling them to bring this action pursuant to N.J.S.A. § 56:8-19.

56. Verizon's conduct was wanton, willful, malicious and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

## COUNT FIVE
### (Unjust Enrichment under New Jersey Law)

57. Plaintiffs repeat the allegations contained in Paragraphs 1-56 as if fully set forth herein.

58. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

59. As a result of payments made to Verizon by Plaintiffs and members of the Class for text messages, for which they were improperly billed, Plaintiffs and the members of the Class conferred a benefit upon Verizon.

60. Verizon received and retained this benefit and it therefore would be inequitable and unjust to permit Verizon to retain this benefit without paying the reasonable value thereof to Plaintiffs and the members of the Class.

61. As a direct and proximate result of Verizon's unjust enrichment, Plaintiffs and the members of the Class suffered injury.

62. Plaintiffs and the members of the Class seek an order directing Verizon to disgorge and return to them the amount paid to Verizon for text messaging charges billed to their Mobile Broadband Devices.

WHEREFORE, Plaintiffs demand judgment against Verizon, as follows:

### On Count One

A. For compensatory damages;

B. For a preliminary and permanent injunction prohibiting Verizon from continuing improperly to bill customers for text messages;

C. For prejudgment interest commencing on the date of Verizon's receipt of payment for the improperly-billed text message charges and continuing through the date of entry of judgment in this action; and

D. For reasonable attorneys' fees pursuant to 47 U.S.C. § 206.

### On Count Two

A. For a declaration that Verizon's billing practices as alleged herein are unjust, unreasonable and unlawful.

### On Count Three

A. For compensatory damages; and

14

B.      For prejudgment interest commencing on the date of Verizon's receipt of payment for the improperly-billed text message charges and continuing through the date of judgment in this action.

### On Count Four

A.      For threefold the damages sustained by Plaintiffs and the other members of the Class as a result of the billing practices complained of herein;

B.      For punitive damages;

C.      For a preliminary and permanent injunction prohibiting Verizon from continuing improperly to bill customers for text messages;

D.      For prejudgment interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

E.      For reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J.S.A. § 56:8-19.

### On Count Five

A.      For an order directing Verizon to disgorge and return to Plaintiffs and the Class members the amount paid to Verizon for text message charges billed to their Mobile Broadband Devices.

### On All Counts

A.      For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

B.      For such other and further relief as the Court deems just and proper.

                                                CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Attorneys for Plaintiffs

By:   /s/ James E. Cecchi
      JAMES E. CECCHI

Dated: July 18, 2011

| | |
|---|---|
| Jason A. Zweig | Jeffrey S. Goldenberg |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Todd B. Naylor |
| One Penn Plaza, 36th Floor | GOLDENBERG SCHNEIDER, L.P.A. |
| New York, NY 10119 | 35 East Seventh Street, Suite 600 |
| (212) 752-5455 | Cincinnati, Ohio 45202 |
| | (513) 345 8291 |
| Ross Buntrock | Christian A. Jenkins |
| David Carter | Paul J. Minnillo |
| ARENT FOX LLP | MINNILLO & JENKINS, CO., L.P.A. |
| 1050 Connecticut Avenue, NW | 2712 Observatory Avenue |
| Washington, DC 20036-5339 | Cincinnati, Ohio 45208 |
| (202) 857-6000 | (513) 723-1600 |
| Peter J. Bezek | Stephen L. Dreyfuss |
| Robert A. Curtis | HELLRING LINDEMAN GOLDSTEIN & |
| FOLEY BEZEK BEHLE & CURTIS, LLP | SIEGAL LLP |
| 15 West Carrillo Street | One Gateway Center |
| Santa Barbara, California 93101 | Newark, NJ 07102 |
| (805) 962-9495 | (973) 621-9020 |
| J. Paul Gignac | William J. Pinilis |
| ARIAS OZZELLO & GIGNAC LLP | PINILISHALPERN, LLP |
| 115 S. La Cumbre Lane, Suite 300 | 160 Morris Street |
| Santa Barbara, California 93105 | Morristown, NJ 07962 |
| (805) 683-7400 | (973) 401-1111 |

16

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury as to all claims so triable.

                              CARELLA, BYRNE, CECCHI,
                              OLSTEIN, BRODY & AGNELLO, P.C.
                              Attorneys for Plaintiffs

                              By:   /s/ James E. Cecchi
                                      JAMES E. CECCHI

Dated: July 18, 2011

| | |
|---|---|
| Jason A. Zweig<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>One Penn Plaza, 36th Floor<br>New York, NY 10119<br>(212) 752-5455 | Christian A. Jenkins<br>Paul J. Minnillo<br>MINNILLO & JENKINS, CO., L.P.A.<br>2712 Observatory Avenue<br>Cincinnati, Ohio 45208<br>(513) 723-1600 |
| Ross Buntrock<br>David Carter<br>ARENT FOX LLP<br>1050 Connecticut Avenue, NW<br>Washington, DC 20036-5339<br>(202) 857-6000 | Stephen L. Dreyfuss<br>HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP<br>One Gateway Center<br>Newark, NJ 07102<br>(973) 621-9020 |
| Peter J. Bezek<br>Robert A. Curtis<br>FOLEY BEZEK BEHLE & CURTIS, LLP<br>15 West Carrillo Street<br>Santa Barbara, California 93101<br>(805) 962-9495 | William J. Pinilis<br>PINILISHALPERN, LLP<br>160 Morris Street<br>Morristown, NJ 07962<br>(973) 401-1111 |
| J. Paul Gignac<br>ARIAS OZZELLO & GIGNAC LLP<br>115 S. La Cumbre Lane, Suite 300<br>Santa Barbara, California 93105<br>(805) 683-7400 | |
| Jeffrey S. Goldenberg<br>Todd B. Naylor<br>GOLDENBERG SCHNEIDER, L.P.A.<br>35 East Seventh Street, Suite 600<br>Cincinnati, Ohio 45202<br>(513) 345 8291 | |